[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 408.]

RICHLAND COUNTY BAR ASSOCIATION *v*. SEXTON.

[Cite as *Richland Cty. Bar Assn. v. Sexton*, 2001-Ohio-196.]

*Attorneys at law—Misconduct—Eighteen-month suspension with final year of suspension stayed—Neglect of an entrusted legal matter—Failing to carry out contract for professional employment—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.*

(No. 00-2289—Submitted April 3, 2001—Decided July 18, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-50.

_____

*Per Curiam.*

{¶ 1} On October 11, 1999, relator, Richland County Bar Association, filed a complaint charging respondent, Douglas R. Sexton of Mansfield, Ohio, Attorney Registration No. 0037431, with five violations of the Code of Professional Responsibility. Thereafter, respondent encountered the attorney for relator in the Richland County Courthouse and claimed that he had not received a copy of the complaint. On February 9, 2000, relator forwarded to respondent a copy of that complaint by certified mail. Respondent failed to answer the complaint, and on June 8, 2000, relator filed a motion for default. A supplemental default motion was filed in August. The Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") referred the matter to Master Commissioner Harry W. White for a ruling on the motion for default.

{¶ 2} Based upon the pleadings and affidavits attached to the motion for default, the master commissioner found that in July 1997, Steve Ritchey engaged respondent and paid him a $300 retainer to pursue a former tenant for damages to the leasehold. Despite numerous phone calls from Ritchey, respondent failed to

take any action and failed, when requested, to return the $300 retainer or the videotape evidence of the damages.

{¶ 3} The master commissioner also found that in February 1997, Richard H. Cox employed respondent to file for a dissolution of his marriage to Sharon M. Cox. Although the dissolution was granted in May 1997, respondent did not file a quitclaim deed transferring certain marital real estate to Richard until December 31, 1998. The deed, which purports to have been executed on May 21, 1997, indicated that Sharon was "divorced." Sharon claimed that she left Ohio on May 17, 1997, and did not return until May 23, 1997, having been married in the meantime. Sharon advised relator's investigator that she had actually signed the deed in April 1998. The master commissioner concluded that if the deed was, in fact, signed in April 1998, Sharon's new spouse should have released his dower interest.

{¶ 4} Finally, the master commissioner found that Sandra and Michael Michaels paid respondent a $300 retainer on March 7, 1998, to pursue a Truth-in-Lending claim against a local financial institution. However, respondent did not correspond with the financial institution until July 1998; furthermore, he falsely represented to Sandra and Michael Michaels that he had received no response. Respondent did not return the Michaelses' file until January 1999 and never returned the retainer.

{¶ 5} The master commissioner concluded that respondent's conduct in these matters violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment), and 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

{¶ 6} The commissioner recommended that respondent be suspended from the practice of law for one year with the entire suspension stayed, during which time respondent must refund fully the retainers paid by Sandra and Michael

Michaels and Ritchey, prepare at no charge a recordable quitclaim deed to extinguish the dower claim of the spouse of Sharon Cox, complete a continuing legal education ("CLE") course in office and time management in addition to his normal CLE requirements, and not violate any of the provisions of the Code of Professional Responsibility during the year of probation.

{¶ 7} The board adopted the findings and conclusions of the master commissioner. However, the board recommended that respondent be suspended from the practice of law for eighteen months with one year stayed and that respondent be placed on probation during that year with the conditions recommended by the master commissioner.

{¶ 8} Having reviewed the record, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for eighteen months with the final year of that suspension stayed. Throughout the period of stayed suspension, respondent shall be on probation. Furthermore, within ninety days of this order, respondent must refund fully the retainers paid by Sandra and Michael Michaels and Ritchey and cause to be prepared at no charge a recordable quitclaim deed to extinguish the dower claim of the spouse of Sharon Cox. In addition, during the term of suspension, respondent shall complete a continuing legal education course in office and time management in addition to his normal CLE requirements and not violate any of the provisions of the Code of Professional Responsibility.

{¶ 9} If respondent fails to meet the conditions of this probation, the stay of his suspension shall be lifted and respondent shall be actually suspended from the practice of law for the full remaining term. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

*William Travis McIntyre,* for relator.

_____